**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-36550 |
| | ) | |
| Paul Richard Schmidt, Sr. | ) | Chapter 7 |
| Angela Lue Schmidt | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |

### ORDER STRIKING DOCUMENT

This case is before the court on a document that purports to be Debtor Paul Richard Schmidt's Reaffirmation Agreement with CitiFinancial, Inc. ("Reaffirmation Agreement") [Doc. # 22]. The Reaffirmation Agreement was filed by a representative of the creditor on April 11, 2009, after Debtor's discharge had already been entered on April 6, 2009.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." In this case, the first date set for the meeting of creditors was January 21, 2009. The deadline for filing reaffirmation agreements in this case was therefore Monday March 23, 2009 (the 60th day after January 21 was a Sunday, March 22, 2009). The Reaffirmation Agreement was untimely filed.

The necessity for the filing deadline is that the court is now required to review any reaffirmation agreements where there is a presumption of undue hardship shown. 11 U.S.C. § 524(m). The court may then disapprove any such agreement unless the presumption is rebutted to the satisfaction of the court. *Id.*

However, disapproval may occur only after notice and a hearing, and the hearing "shall be concluded before the entry of the debtor's discharge." *Id.* The late filing of the Reaffirmation Agreement by CitiFinancial, Inc. in this case is thus a material problem. The court cannot now effectively review and, if appropriate, disapprove the Reaffirmation Agreement as an undue hardship, which is in fact shown by Part D of the Reaffirmation Agreement, because Debtor's discharge has now been entered. The untimely Reaffirmation Agreement will therefore be stricken from the court record.

**IT IS THEREFORE ORDERED** that the Reaffirmation Agreement [Doc. # 22] filed by the creditor CitiFinancial, Inc. on April 11, 2009, is hereby stricken from the court record as untimely and of no further effect in these proceedings.